UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAINAB CHAABAN,

       Plaintiff,

v.

CITY OF DETROIT,
MICHIGAN DEPARTMENT
OF CORRECTIONS,
HEIDI E. WASHINGTON,
and
JODI DEANGELO,

       Defendants.
_____/

Case No. 2:20-cv-12709
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**ORDER GRANTING IN PART and DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT CITY OF DETROIT (ECF No. 47)**

    A.    Background

In Plaintiff Zainab Chaaban's words, Defendant MDOC's Photograph Policy, which is "implemented by Defendant DDC . . . [,]" violates "the First Amendment as well as other federal and state law." She claims that, pursuant to this policy, "Defendant DDC forces arrestees who wear religious head coverings to remove those head coverings for a photograph, even where doing so violates the arrestees' sincerely-held religious beliefs." (ECF No. 1, PageID.3 ¶ 8.) In her first

amended complaint, Plaintiff alleges causes of action based on RLUIPA, the Free Exercise Clause, and Michigan's State Constitution. (ECF No. 18.)[1]

On September 7, 2021, Judge Edmunds entered an order granting in part and denying in part both the City of Detroit's motion to dismiss Plaintiff's first amended complaint (ECF No. 25) and the MDOC Defendants' motion to dismiss the amended complaint (ECF No. 30). (ECF No. 37.)  Specifically, the Court dismissed:  (1) Plaintiff's Michigan Constitutional claim for money damages; (2) Plaintiff's claim for money damages against Defendants Washington and DeAngelo in their individual capacity pursuant to RLUIPA; and (3) Plaintiff's RLUIPA and Section 1983 claims for damages against MDOC and Defendants Washington and DeAngelo in their official capacities. (ECF No. 37, PageID.444-445.)  Notably, in the context of concluding that the individual Defendants are not entitled to qualified immunity, Judge Edmunds stated:  "it defies logic that officers operating in a facility in Detroit, near one of the nation's largest Muslim communities, would not be aware of the religious significance of the hijab." (*Id.*, PageID.437-438.)[2]

**B.    Discovery**

---

[1] On December 2, 2020, Defendant Detroit Detention Center was dismissed without prejudice.  (ECF No. 24.)

[2] The MDOC Defendants' motion for reconsideration (ECF No. 38) is before Judge Edmunds.

On December 10, 2021, Defendant City of Detroit served responses to Plaintiff's first set of discovery.  (ECF No. 47-2.)  In many cases, the responses: (1) mentioned MDOC PD 04.04.133 ("Prisoner Photographic Identification");[3] (2) referred to the "Interagency Agreement Between the City of Detroit/Detroit Police Department [DPD] and the Michigan Department of Correction[s] for the City of Detroit Detention Center [DDC];" and, (3) included form or boilerplate objections, *e.g.*, repeatedly objecting that requests for production or interrogatories sought "information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case." (ECF No. 47-2, PageID.595-601.)[4]  By a letter dated January 31, 2022, Plaintiff alleged deficiencies as to the responses to

---

[3] The current version of MDOC PD 04.04.133, which became effective on November 29, 2021, superseded the May 16, 2011 version, which would have been in place at the time of the April 30, 2019 events in question.  *See* https://www.michigan.gov/documents/corrections/PD112921_04_04_133_742087_7.pdf.

[4] Objections must be specific and state an adequate individualized basis.  *See Wesley Corp. v. Zoom T.V. Products, LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection."); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, No. 2:15-CV-12695, 2017 WL 1196361, at *2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, No. 14-cv-10922, 2016 WL 3418554, at *3 (E.D. Mich. June 22, 2016) ("This Court has repeatedly found that the filing of boilerplate objections is tantamount to filing no objections at all.").

certain Requests for Production, the answers to certain Interrogatories, and the response a Request to Admit, the latter of which was fully resolved before the hearing. (ECF Nos. 47-3, 47-4, ECF No. 53.)

  C. **Instant Motion**

Currently before the Court is Plaintiff's March 1, 2022 motion to compel discovery against Defendant City of Detroit (ECF No. 47), Defendant City of Detroit's response in opposition (ECF No. 51), and the joint list of unresolved issues (ECF No. 53). Judge Edmunds referred the motion to me for a hearing and determination. (ECF No. 48.) A hearing was held on April 1, 2022, at which counsel for the parties – Attorneys Amy V. Doukoure, Christopher Kent Michels, and Assistant Attorneys General Zachary Austin Zurek – appeared and the Court entertained oral argument regarding the motion. (ECF No. 52.)

  D. **Order**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel discovery against Defendant City of Detroit (ECF No. 47), as framed by the joint list of unresolved issues (ECF No. 53), is **GRANTED IN PART** and **DENIED IN PART.** With respect to the contested **Requests for Production**:

- As to **Nos. 1 and 2**, which concern the photograph policy in effect on the date at issue (*i.e.*, April 30, 2019) and the current

4

photograph policy, Defendant City's relevance objection is **OVERRULED**; however, defense counsel represented that the DDC is the City's only booking facility and that, having searched for responsive documents, the City did not locate a DPD Photograph Policy regarding the DDC; thus, Defendant City need not provide a further response at this time.  If the City is booking arrestees somewhere other than the DCC, the City has a duty to supplement its response.

- As to **No. 3,** Defendant City must produce "any and all versions of the Photography Policy," as defined in Plaintiff's discovery requests, including "drafts."  The City must search for these items and, if responsive documents exist, either:  (1) indicate and produce same; or (2) if withholding, provide Plaintiff with a privilege log in accordance with Fed. R. Civ. P. 34(b)(2)(C). .  Again, the City is reminded of its duty to supplement.

- As to **No. 4**, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

- As to **No. 6**, Defendant City's relevance and proportionality objections are **OVERRULED**, and Defendant City shall produce any responsive citizen complaints in its possession, custody, or control.

- As to **No. 8**, Defendant City's vagueness, ambiguity, overbreadth, relevance, and proportionality objections are **SUSTAINED** as to "any and all writings, including correspondences [and] communications," but Defendant City must respond as to "any and all . . . [written] agreements, memorand[a], or contracts between the City of Detroit and the MDOC related to any interagency agreement for the operation, running, control or maintenance of the DDC."  Defense counsel represented that production of the Interagency Agreement fulfills this obligation.  The City has a duty to supplement its response promptly if there is further responsive material.

- As for **No. 9**, Defendant City's vagueness, ambiguity, overbreadth, relevance, and proportionality objections are **SUSTAINED** as to "any and all writings, including correspondences [and] communications," but Defendant City must respond as to "any and all . . . [written] agreements [or] memorand[a] as it relates to [the] MDOC's Photograph Policy or the implementation of the Photograph Policy at the DDC." When questioned by the Court, Defense counsel agreed that MDOC PD 04.04.133 is in use because of the Interagency Agreement and represented that the City does not have any other photograph policy of its own in use at the DDC, although defense counsel represented that the City will supplement if more comes to light. Thus, at this time, the City's obligation is fulfilled.

- As for **No. 10**, Defendant City's overbreadth objection is **SUSTAINED** at this time, and Plaintiff's request for a substantive response is **DENIED WITHOUT PREJUDICE**. The parties will discuss manageable parameters and/or search terms, after which Plaintiff may serve a related request for production.

(*See* ECF No. 47-2, PageID.593-598.) With respect to the contested

**Interrogatories**:

- As for **No. 1**, Defendant City's relevance and proportionality objections are **OVERRULED**, and Defendant City must provide an answer.

- As for **No. 2**, Defendant City's relevance and proportionality objections are **OVERRULED**, and Defendant City must provide an answer for the date of December 9, 2021 (*i.e.*, the day before the request was answered), or, if it cannot provide an answer for that date, then it must provide an explanation why it cannot and further provide a snapshot answer for another date, relatively close in time.

- As for **Nos. 3 and 4**, Defendant City's relevance and proportionality objections are **SUSTAINED** at this time, and Plaintiff's requests for substantive responses are **DENIED WITHOUT PREJUDICE**, although the requests may be renewed if warranted by any forthcoming asserted penological purpose.

- As for **Nos. 7 and 8**, Defendant City's relevance and proportionality objections are **OVERRULED**, and Defendant City must provide answers.

- As to **No. 9**, Defendant City's proportionality objection is **SUSTAINED**, its relevance objection is **OVERRULED**, and, consistent with Plaintiff's willingness to reduce the 5-year timespan, Defendant City must answer only as to the date in question (*i.e.*, April 30, 2019).

- As to **No. 10**, Defendant City's relevance and proportionality objections are **OVERRULED**, and Defendant City must make its best effort to provide an answer.

- As to **No. 12**, Defendant City must produce the citizens complaint policy.

(*See id.*, PageID.598-602).

To the extent any answers or responses are ordered above, Defendant City of Detroit **SHALL** serve them upon Plaintiff no later than **Wednesday, April 20, 2022**.[5] Moreover, notwithstanding any representations made by defense counsel during the hearing, Defendant City is reminded of its duties and obligations under Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses."). Finally, the

---

[5] At the April 1, 2022 hearing, the Court set a due date of two weeks (*i.e.*, April 15, 2022); however, the Court has provided a few extra days to account for any difficulties created by the Court's delay in issuing this written order.

7

Court awards no costs, neither party having prevailed in full. Fed. R. Civ. P. 37(a)(5)(C).

    **IT IS SO ORDERED.**

Dated: April 6, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE