UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZAINAB CHAABAN,

    Plaintiff,

v.

CITY OF DETROIT, MICHIGAN
DEPARTMENT OF CORRECTIONS,
DETROIT DETENTION CENTER,
HEIDI E. WASHINGTON, and
JODI DEANGELO,

    Defendants.

Case No. 20-cv-12709

Honorable Nancy G. Edmunds

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [38]

This is a civil rights case in which Plaintiff Zainab Chaaban, a Muslim woman who wears a hijab, accuses Defendants City of Detroit, Michigan Department of Corrections ("MDOC"), Heidi E. Washington (Director of MDOC), and Jodi DeAngelo (Warden) of violating her rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, and the Michigan State Constitution when they forced Plaintiff to remove her hijab for a booking photograph at the Detroit Detention Center. Defendants filed motions to dismiss Plaintiff's Amended Complaint and the Court granted in part and denied in part those motions. (ECF Nos. 25, 30, 37.) Before the Court is a motion for reconsideration of that decision, filed by the Michigan Department of Corrections, Heidi Washington, and Jodi DeAngelo (together, "MDOC Defendants"). (ECF No. 38.) MDOC Defendants ask the Court to reconsider its decision denying qualified immunity for Defendants Washington and DeAngelo. (*Id.*, PageID.446-47.)

1

I.  **Legal Standard**

To prevail on a motion for reconsideration, a movant must "demonstrate a palpable defect by which the court and the parties . . . have been misled" and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).[1] "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.' " *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration should not be granted if it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication," E.D. Mich. LR 7.1(h)(3), or if it "raise[s] new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007); *see Versah, LLC v. UL Amin Indus.*, No. 2:20-cv-12657-TGB-RSW, 2021 WL 493385, at *2 (E.D. Mich. Feb. 10, 2021) ("[I]t is well-settled law that parties cannot use a motion for reconsideration to raise new arguments or evidence that could have been presented earlier.")

II.  **Analysis**

Qualified immunity shields government officials performing discretionary functions from civil liability unless their conduct violated clearly established statutory or constitutional rights that would have been known to a reasonable person. *Harlow v.*

---

[1] The Eastern District of Michigan amended its local rules effective December 1, 2021. The Court will follow the version of the local rules that applied when Plaintiff filed her motion. *See Menefee v. M.D.O.C.*, No. 20-CV-13399, 2022 WL 1792757 (E.D. Mich. June 1, 2022) (applying motion for reconsideration standard in place at time of filing); *Joseph v. Sec'y of Dep't of Veterans Affs.*, No. 19-CV-10828, 2022 WL 1303173 (E.D. Mich. May 2, 2022) (same).

*Fitzgerald*, 457 U.S. 800, 818 (1982). There are two prongs to the Court's analysis on this issue: (1) whether the plaintiff has alleged (on a 12(b)(6) motion to dismiss) or shown (on a motion for summary judgment) a violation of a constitutional right; and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). MDOC Defendants challenge the Court's analysis of the second prong of the test and argue it was palpable error for the Court not to rule in their favor. (ECF No. 38, PageID.456-57, 59.) In addition, MDOC Defendants accuse the Court of committing palpable error to the extent it found that it is inappropriate for a district court to grant a Rule 12(b)(6) motion based on qualified immunity. (ECF No. 38, PageID.457.) The Court will address each argument beginning with the appropriateness of the Court's decision to not grant qualified immunity at this stage of the litigation.

> **A.   The Court Did Not Err By Noting It Was Premature To Grant Qualified Immunity to Defendants Washington and DeAngelo.**

MDOC Defendants first accuse the Court of committing palpable error to the extent the Court relied on *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015), to find it was inappropriate to decide the issue of qualified immunity on a Rule 12(b)(6) motion to dismiss. (ECF No. 38, PageID.457.) In its Opinion and Order denying qualified immunity, the Court stated:

> At this stage in the proceeding, The MDOC Defendants have not established a "legitimate penological interest" for the conduct alleged. Accordingly, Plaintiff states a claim for relief and Defendants Washington and DeAngelo are not immune from suit based upon qualified immunity. *See Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015) (noting it is "generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity"); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J, concurring)

3

> (observing that it is generally "difficult for a defendant to claim qualified immunity on the pleadings *before discovery* and before the parties (much less the courts) know what is being balanced against what.") (emphasis in original).

(ECF No. 37, PageID.438.) In response, MDOC Defendants argue that "this case is precisely the type of case where it is clear from the pleadings that Defendant Washington is entitled to qualified immunity," and that they should be spared the costs and burdens of litigation. (ECF No. 38, PageID.460) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Afterall, they state, "the Supreme Court does, in fact, routinely consider qualified immunity after a defendant's interlocutory appeal of a motion to dismiss." *Id.* (citing *Wood v. Moss*, 572 U.S. 744, 756 (2014); *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009); *Wilkie v. Robbins*, 551 U.S. 537, 548 (2007); *Behrens v. Pelletier*, 516 U.S. 299, 301 (1996)).

At the time the Court issued its Opinion and Order, Sixth Circuit caselaw on the issue of whether it is appropriate to grant qualified immunity on a motion to dismiss was somewhat contradictory. In one line of cases, as the Court noted in its Opinion and Order, the Sixth Circuit indicated that qualified immunity was a subject best left for a motion for summary judgment. *See, e.g.*, *Wesley*, 779 F.3d at 433 (noting it is "generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity"); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J, concurring) (observing that it is generally "difficult for a defendant to claim qualified immunity on the pleadings before discovery and before the parties (much less the courts) know what is being balanced against what"). In other cases, however, the opposite approach was taken by appellate courts. *See, e.g.*, *Mitchell*, 472 U.S. 511, 526 (1985) ("[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to

4

dismissal before the commencement of discovery."). In addition, MDOC Defendants are correct that the Supreme Court regularly affirms dismissals of lawsuits on qualified immunity grounds. *See, e.g.*, *Iqbal*, 556 U.S. 662, 680–82 (2009) (plaintiff failed to plead unconstitutional actions); *Ashcroft v. al-Kidd*, 563 U.S. 731, 744 (2011) (law was not clearly established).

Fortunately, the Sixth Circuit has offered additional guidance on this issue in the time since MDOC Defendants filed their motion. In *Crawford v. Tilley*, the Sixth Circuit considered an appeal from a district court decision denying qualified immunity to the defendants on their motion to dismiss. 15 F.4th 752, 756 (6th Cir. 2021). In denying qualified immunity, the lower court noted at four separate points in its opinion that it is "generally inappropriate" for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. *Crawford v. Tilley*, No. 5:18-CV-623-CHB, 2020 WL 6947479, at *8 (E.D. Ky. Nov. 25, 2020), *rev'd and remanded*, 15 F.4th 752 (6th Cir. 2021). On review, the Sixth Circuit found this generality to be "imprecise." *Crawford*, 15 F.4th at 763. Rather than applying an all-or-nothing rule, the court explained that district courts should consider which of the two prongs of the qualified immunity analysis was in dispute. *Id.* at 764-65.

The *Crawford* court found existing Sixth Circuit and Supreme Court caselaw to be consistent with the idea that the reluctance to dismiss cases on qualified immunity does not apply to the violation-of-a-constitutional-right prong. *Id.* at 764. "After all, asking whether there was a violation of a constitutional right resembles the Rule 12(b)(6) question" and district courts need only determine whether the plaintiff pled facts that state a claim for relief in the complaint. *Id.* Supreme Court procedural precedent (*i.e.*, *Iqbal*),

5

and common sense both support this conclusion. *Id.* at 765. This is because if a defendant moves to dismiss under Rule 12(b)(6), the district court applies *Iqbal* to the motion—"[s]o it would be nonsensical, and even ironic, to enforce a presumption against dismissing the same complaint" if the defendant raises qualified immunity as a defense. *Id.*

On the other hand, the *Crawford* court held that the general preference to not grant motions to dismiss on qualified immunity "might have more vitality in the clearly established context" where "the application of qualified immunity . . . can turn on minute factual distinctions." *Id.* (citing *Latits v. Phillips*, 878 F.3d 541, 552-53 (6th Cir. 2017)). Indeed, the court stated, "[d]ismissing for qualified immunity on [the clearly established prong] is sometimes difficult because the . . . inquiry may turn on case-specific details that must be fleshed out in discovery." *Id.* (citing *Siefert v. Hamilton County*, 951 F.3d 753, 761 (6th Cir. 2020)).

Applying this guidance to the facts here, it was not error for the Court to find it was premature to reach a final decision on the applicability of qualified immunity. It is the second prong that is in dispute in this case. (*See* ECF No. 38, PageID.459.) Thus, the question is whether Plaintiff's right to wear her hijab under the circumstances was clearly established. But this "turn[s] on case specific details that must be fleshed out in discovery." *Crawford*, 15 F.4th at 765. Specifically, discovery is needed to determine "whether the state of the law . . . gave [the defendants] fair warning that [the plaintiff's] alleged treatment was unconstitutional." *Id.* at 437 (citing *Hope v. Pelzer*, 536 U.S. 730, 731 (2002)). Plaintiff plausibly alleged in her complaint that prison officers threatened to make Plaintiff "sleep on the concrete floor of the booking cell without a bed, blanket, mattress or pillow" if she did not remove her hijab. (*See* ECF No. 1, PageID.11.) Taking

6

this and other allegations in Plaintiff's complaint as true, as the Court was required on MDOC Defendants' motion to dismiss, the Court properly determined that qualified immunity is not appropriate at this time. *See Moderwell v. Cuyahoga County, Ohio*, 997 F.3d 653, 660 (6th Cir. 2021) (discussing *Taylor v. Riojas*, --- U.S. ----, 141 S. Ct. 52, 53 (2020), and explaining that qualified immunity can be denied without a prior case on point when "no reasonable correctional officer could have concluded that the challenged action was constitutional").

### B. The Court Did Not Err By Denying Qualified Immunity to Defendants And Did Not Improperly Shift The Burden To Defendants.

Defendants next accuse the Court of improperly shifting the burden from Plaintiff to Defendants by requiring Defendants to demonstrate that MDOC's photograph policy served a legitimate penological interest instead of considering whether Plaintiff's right to wear her hijab in the booking photo was clearly established. (ECF No. 38, PageID.464.) Requiring Defendants to make such a demonstration would be in error as it is well-established that once a defendant invokes qualified immunity, the plaintiff bears the burden of overcoming such an entitlement. *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015).

In its Opinion and Order, the Court found that Plaintiff had plausibly alleged a violation of her constitutional right to express her religion by wearing her hijab at all times while in the presence of men. (ECF No. 37, PageID.436.) The Court then proceeded to analyze whether Plaintiff's right was "clearly established" by considering whether the MDOC photograph policy violates established law and whether MDOC Defendants were "on notice" of the alleged violation. (ECF No. 37, PageID.437) (citing *Hope*, 536 U.S. at 731).

7

Citing *Turner v. Safley*, 482 U.S. 78, 89 (1987), the Court inferred that Plaintiff plausibly alleged a violation of established law because "[t]he First Amendment forbids all laws 'prohibiting the free exercise' of religion" and "[e]ven in a prison setting, established law forbids regulations that would arbitrarily and capriciously impinge on an inmate's constitutional rights." (ECF No. 37, PageID.437.) Thus, because Plaintiff alleged the free exercise of her religion was prohibited by the MDOC photograph policy, and insinuated that this policy was arbitrary and capricious by providing numerous examples of federal, state, and local government policies that recognize a religious interest in the hijab and permit it to be worn in official photographs, (*See* ECF No. 37, PageID.438), Plaintiff met her burden and the Court did not err in denying qualifying immunity to Defendants Washington and DeAngelo.

The confusion here comes from the Court's second citation to *Turner* which relates not to Plaintiff's initial burden of overcoming Defendants' entitlement to qualified immunity on a motion to dismiss, but to MDOC Defendants' ability to *show* its policy is not "arbitrary and capricious" by establishing the policy's relation "to legitimate penological interests." (ECF No. 37, PageID.437) (citing *Turner*, 482 U.S. at 89 ("when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.")). Note the use of the word *show*—chosen here because of its connection to a motion for summary judgment, which was not the motion before the Court.[2] *See Pearson*, 555 U.S. 223, 232 (noting that a plaintiff must only

---

[2] In many cases, it is simply not possible for a Court to determine whether a prison policy is related to legitimate penological interests because such interests are not always apparent from the face of the complaint. Indeed, Defendants recognize this in a footnote to their motion. (*See* ECF No. 38, PageID.464 n.3) (wherein Defendants note they did not put forward any arguments regarding MDOC legitimate penological interests in the

"allege" facts in response to a Rule 12(b)(6) motion but must "show" them in response to a Rule 50 or Rule 56 motion). Thus, the inclusion of the second *Turner* citation and the Court's recognition that Defendants have not yet established a "legitimate penological interest" (*See* ECF No. 37, PageID.438) was perhaps unnecessary in its Opinion and Order on Defendants' motion to dismiss. But there was no error here. The Court's brief note on this topic did not shift the burden to Defendants, it simply served the purpose of illuminating an avenue forward for Defendants to argue they are entitled to qualified immunity at a later date.

## III. Conclusion

For the foregoing reasons, MDOC Defendants' motion for reconsideration (ECF No. 38) is **DENIED**.

**SO ORDERED.**

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 2, 2022

---

photograph policy because that would require declarations or affidavits from MDOC staff which would convert their motion to dismiss into one for summary judgment.) The *Crawford* court noted "a basic incongruity between pleading requirements under Federal Rule of Civil Procedure 8, which require only that a plaintiff state a claim, and affirmative defenses, like qualified immunity." *Crawford*, 15 F.4th at 763. Plaintiffs are not generally required to negate affirmative defenses in their complaints, but the validity of those defenses may nevertheless be apparent from the face of the complaint. *Id.* In those cases, a motion to dismiss is appropriate. *Id.*

9

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2022, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Lisa Bartlett
                                        Case Manager